RAYMOND J. CAPLETTE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Caplette v. Commissioner
Docket No. 3728-78.
United States Tax Court
T.C. Memo 1981-80; 1981 Tax Ct. Memo LEXIS 660; 41 T.C.M. (CCH) 949; T.C.M. (RIA) 81080; February 24, 1981. Raymond J. Caplette, pro se. Darwin R. Thomas, for the respondent. FORRESTER
*661 MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined deficiencies in petitioner's Federal income tax for the taxable years 1975 and 1976 in the amounts of $ 4,267.46 and $ 2,698, respectively, and additions to tax, pursuant to section 6651(a), [1] for 1975 in the amount of $ 405.48. The issues for decision are: (1) whether petitioner was entitled to file as an unmarried head of household for the taxable years 1975 and 1976; (2) whether petitioner was entitled to claim dependency exemptions for his four minor children for the taxable years in issue; and (3) whether petitioner is liable for additions to tax under section 6651(a) for the taxable year 1975.
FINDINGS OF FACT None of the facts have been stipulated. Petitioner resided in Van Nuys, California, at the time the petition herein was filed. He delivered his 1975 and 1976 Federal income tax returns to the Internal Revenue Service Taxpayer Service Division, Van Nuys, California, on January 31, 1977 and January 28, 1977, respectively. Petitioner was *662 married on August 21, 1954. He and his wife, Arlene Marie Caplette (hereinafter Arlene), had six children. On October 11, 1972, they separated and a final judgment of dissolution of their marriage was entered on October 30, 1973. The divorce decree provided, inter alia, that Arlene shall have custody of all minor children, that petitioner pay Arlenechild support in the amount of $ 40 per child per month, and that petitioner pay Arlene alimony in the amount of $ 50 per month. It also made the couple's home, purchased in 1961, the "sole and separate property" of Arlene, subject to petitioner's lien thereon in the amount of $ 3,500, plus seven-percent interest per annum. The divorce decree did not provide which parent should be entitled to deductions allowable under section 151 for the minor children. During 1975 and1976 petitioner lived variously in his car and a single rented room in Van Nuys, California. According to petitioner's own testimony he provided $ 50 per child per month ($ 600 per year per child) as child support for his four minor children. Additionally, during 1975 petitioner sent one of his minor children, Michelle, to Rhode Island for a month at a cost of approximately *663 $ 1,000. During 1975 and 1976 Arlene paid all mortgage payments on the house in which she and her minor children lived. Additionally, during 1975 and 1976, she paid for food, utilities, clothing, medical, recreation, education, personal items, transportation, spending money, and miscellaneous items for her minor children. The following chart shows the totals for 1975 and 1976 of the above items provided by Arlene for each child: Year
Jaqi
Sherri
Joseph
Michelle
1975
$ 1,257
$ 1,272
$ 1,237
$ 1,247
1976
1,456
1,436
1,406
1,436
Onhis 1975 and 1976 Federal income tax returns (Form 1040A), both filed in January 1977, petitioner used the "head of household" filing status and claimed four dependency exemptions for his minor children then living with Arlene. In his notices of deficiency [2] respondent has determined that petitioner is not entitled to any dependency exemptions for 1975 [3] and 1976 and that he is not entitled to compute his tax liability for those years using the "head of household" filing status. *664 OPINION Section 2(b) defines "head of household" as one who is unmarried at the close of the taxable year and who maintains as his home a household which is the principal place of abode of a child or other dependent, or who maintains a household for a dependent parent. Petitioner testified that during 1975 and 1976 he lived in his car and in a single room by himself. Petitioner filed using the head of household status because he believed he had four dependents--for Federal income tax purposes. Irrespective of whether petitioner was entitled to dependency exemptions for his children, his home during those years was clearly not a household which was the principal place of abode of a child or other dependent; therefore, petitioner is not entitled to calculate his tax liability for 1975 and 1976 using the "head of household" filing status. Section 151(e) provides that a taxpayer is entitled to an exemption for each of his dependents (as defined in section 152), who either earns less than $ 750 during the taxable year, or who is a child of the taxpayer and under the age of 19 or is a student. To be a dependent under section 152 an individual must actually receive over one-half *665 of his support for the taxable year from the taxpayer or be treated as having received over one-half his support for the taxable year from the taxpayer. Sec. 152(a), (e)(2).
It is clear under the facts of the instant case that petitioner did not meet the support requirements of section 152 during 1975 and 1976 for his minor children Jaqi, Joseph, and Sherri. It is equally clear that he did not meet these requirements for his minor daughter, Michelle, for 1976. During both years petitioner provided only $ 600 support for each of these children ($ 1,600 for Michelle in 1975). Arlene,who had custody of, and maintained a household for them, provided no less than $ 1,200 and $ 1,400 apiece as support during 1975 and 1976, respectively. The divorce decree is silent as to which parent is entitled to dependency exemptions. Thus, petitioner is entitled to only one dependency exemption for 1975 and no such exemption for 1976. To the extent the respondent assumed the burden of proof herein, it has been satisfied. Finally, we consider respondent's determination that petitioner is liable for additions to tax under section 6651(a). That section provides for an addition to tax of five *666 percent of the amount of tax required to be shown on the return per month (not to exceed 25 percent) absent a showing of reasonable cause for the delay. Petitioner admittedly filed his income tax return for 1975 late--on January31, 1977. He had no explanation for late filing. Obviously, he has not shown that his failure to timely file was the result of reasonable cause. Thus, we sustain respondent's determination that petitioner is liable for additions to tax under section 6651(a). Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of1954, as amended and in effect during the taxable years in issue.↩
2. Respondent's deficiency notices determined deficiencies against petitioner for 1975 and 1976 of $ 2,856.85 and $ 216 respectively, and additions to tax for 1975 pursuant to section 6651(a) in the amount of $ 52.82. In July 1979, respondent, in his amended answer, claimed increased deficiencies against petitioner for 1975 and 1976 in the amounts of $ 1,410.61 and $ 2,482, respectively, plus additions to tax for 1975 pursuant to section 6651(a) in the amount of$ 352.66. Respondent completely accepts the burden of proof with respect to his claimed increased deficiencies and additions to tax asserted by way of his amended answer. ↩
3. Respondent has conceded that petitioner is entitled to one dependency exemption for 1975 for his minor daughter Michelle.↩